OPINION OF THE COURT
William J. Quinn, J.
Plaintiff, Cunningham’s Ski Shop, Inc., seeks to permanently restrain defendant from awarding or performing a concession agreement with a higher out-of-State bidder, and that plaintiff be substituted as a high bidder by virtue of its extraordinary and superior contacts with the State of New York.
Defendant cross-moves for an order pursuant to CPLR 3211 (subd [a], par 7), dismissing the complaint of the plaintiff as a matter of law, on the grounds that the said complaint does not *138 set forth facts upon which relief can be granted, and that the complaint fails to set forth a cause of action.
This action was commenced by service of an order to show cause, with stay, returnable September 8, 1978, signed by the Honorable William J. Quinn, on August 25, 1978, together with the plaintiff’s unverified complaint. Upon application of the defendant, the stay contained in said order to show cause was vacated by order of the Honorable Robert G. Main, Justice Presiding, Appellate Division, Third Department, dated and filed September 6, 1978.
On the return date of the order to show cause, plaintiff’s motion for a preliminary injunction was heard before the Honorable William J. Quinn, a decision on the motion was reserved, and a further stay against the defendant was granted. At the said return date, the defendant, by notice of motion, interposed his cross motion to dismiss. Arguments were heard by this court on September 14, 1978, on the order to show cause and on the defendant’s cross motion.
The plaintiff herein was one of two bidders on the ski shop concession at the Gore Mountain Ski Center at North Creek, New York. Bidding was to be based on the gross ticket sales at the said ski center. The plaintiff herein submitted a bid of 4.42% of gross sales; and a State of Vermont corporation, T & S Corp., submitted a "bid of 4.5% of gross ticket sales. It is alleged that the bid will be awarded to T & S Corp. by determination of the named defendant herein.
The plaintiff alleges substantial historical and economic ties with Gore Mountain Ski Center. Plaintiff further states that the geographical area surrounding Gore Mountain is characterized by low income and high unemployment, and is in a state of depressed economy; and plaintiff submits documents in support of these allegations.
Preferential bidding is afforded New York State residents as against out-of-State bidders when the bids differ by less than 10% (State Finance Law, § 163-a). Plaintiff argues that the defendant’s failure to notify the plaintiff of the existence of a preferential bidding procedure effectively deprived plaintiff of a bidding right granted to it by the Legislature.
The cause of action herein rests upon the defendant’s failure to include in its forms and information to bidders a preferential bid form available to New York State residents. The defendant contends that the defendant’s failure to include a preferential bid form in the information supplied to bidders, *139 or to otherwise advise the plaintiff with regard to preferential bidding practices, is not actionable.
Upon review of all of the papers, memoranda and exhibits submitted herein, this court will treat the above action as a special proceeding pursuant to CPLR article 78, this in accordance with CPLR 103 (subd [c]). The plaintiff seeks the review of defendant commissioner’s administrative determination, to wit: his determination that an award of the ski shop concession would be made to the highest responsible bidder, the T & S Corp. of Vermont.
Defendant argues that the plaintiff fails to state a cause of action cognizable in law, because the defendant simply owes no duty to advise the plaintiff of the existence of preferential bidding procedures. Defendant states further that section 163-a of the State Finance Law, which is the applicable statute concerning preferential bidding forms, does not mandate, and that the Legislature never intended, a requirement that contracting agencies were to notify firms of their preferential bidding procedures. Defendant maintains that to now make the failure to notify actionable would jeopardize all State contracts awarded to non-New York State firms.
Plaintiff relies heavily on the legislative intent of section 856 of the Labor Law which, in pertinent parts, is set forth as follows: "[I]t is therefore in the public interest of the state of New York to create a mechanism to permit the governor of the state of New York, under extraordinary circumstances, subject to provisions of this article, to award a state contract to a New York state resident business bidder over a nonresident New York state bidder with a lower submitted bid upon a finding that such award is in the public interest of the state of New York.” Executive Order No. 63, implementing section 856 of the Labor Law, provides as follows: "The Commissioner of General Services shall provide sufficient quantities of the preferential bidding form prepared pursuant to section 163-a of the State Finance Law to each State contracting office. The Commissioner of General Services will also issue and disseminate to State contracting offices guidelines in order to assure uniform, orderly and expeditious compliance with the provisions of this Order.” (9 NYCRR 3.63 [4].)
This court believes that plaintiff has a cause of action against the defendant herein. The defendant has failed to comply with the statutes of the State of New York with *140 respect to the manner in which the bids for the ski shop concession at Gore Mountain Ski Center were entertained.
The Governor of the State of New York, and the New York Legislature, pursuant to their findings that there must be a remedy to the State’s loss of business and industry, established a new bidding right for New York State resident businesses, in the form of preferential bidding on State contracts. The executive order cited by the defendant in his affidavit clearly points out that the Commissioner of General Services was to provide each State contracting office with the preferential bidding forms, and, at the same time, instruct each contracting office in how to use the form. To have the contracting office receive the form and then fail to pass the information along to New York State bidders would constitute a denial of statutory right by the contracting office letting the bid.
The legislative findings contained in the Labor Law, the amendments to the Labor Law, the State Finance Law, the executive order issued by the Governor, and a simple reading of the form prepared by the Office of General Services point up the right implicit therein, and further point up in the instant case, the duties of the Commissioner of Environmental Conservation to apprise a New York State resident bidder of the possibility of preferential treatment.
Sections 163-a and 174 of the State Finance Law, in conjunction with article 25 of the Labor Law, set up a procedure whereby preferential bids are considered by the New York State Job Retention Board prior to the letting of a contract. Upon receipt of a preferential bid, the department letting the bids is requested to submit the preferential bid to the Job Retention Board. The Job Retention Board then makes a determination as to whether it is in the public’s interest to grant the job to the New York State resident bidder.
No award has been made to date for the contract which is the subject of this proceeding; and what is before this court at this time is a determination made by the defendant to grant such award to an out-of-State bidder, without consideration of a preferential treatment which may be accorded New York State bidders.
The failure of the New York State contracting office to notify the proposed New York State bidder of its right to preferential treatment, is, in the eyes of this court, a breach of a duty to inform. Sufficient documentation has been presented *141 to this court showing substantial historic and economic ties of the plaintiff to the State of New York for this court to grant plaintiff the relief granted.
Upon all of the above, it is the decision of this court that plaintiff is to be afforded the opportunity to submit a properly executed preferential bid, which shall be referred to the Job Retention Board prior to the actual awarding of the Ski Shop Concession at Gore Mountain Ski Center at North Creek, New York.